**Winoto SISWOYO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–2161–ag.**

United States Court of Appeals, Second Circuit.

March 14, 2008.

Ronald S. Salomon, New York City, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Linda S. Wernery, Assistant Director; Scott Rempell, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

line could give rise to a claim of ineffective assistance of counsel.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Winoto Siswoyo, a native and citizen of Indonesia, seeks review of an April 24, 2007 order of the BIA affirming the September 20, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Siswoyo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Winoto Siswoyo,* No. A98 690 726 (B.I.A. Apr. 24, 2007), *aff'g* No. A98 690 726 (Immig. Ct. N.Y. City Sept. 20, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ As an initial matter, because Siswoyo failed to exhaust his challenge to the IJ's denial of his request for relief under the CAT, we are without jurisdiction to consider that claim. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft,* 329 F.3d 51, 59 (2d Cir.2003)). We dismiss the petition for review to that extent and review only Siswoyo's challenge to the denial of his application for asylum and withholding of removal.

Where, as here, the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, *i.e.,* "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, although the IJ made an adverse credibility determination, the BIA did not address that finding, apparently assuming Siswoyo's credibility for purposes of its analysis. Thus we too assume, without determining, Siswoyo's credibility. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

This Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). We will vacate and remand for new findings, however, if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Throughout his proceedings, Siswoyo has claimed that he is eligible for relief because he has shown "a pattern or practice" of persecution against Chinese Christians in Indonesia and proven that he is a member of this group. *See* 8 C.F.R. § 1208.13(b)(2)(iii)(A). The agency never addressed Siswoyo's pattern or practice argument, save for its inconclusive reference to the BIA's decision in *Matter of A–M–,* 23 I. & N. Dec. 737 (B.I.A.2005).

■ In *Mufied v. Mukasey,* we considered a similar case in which the agency ignored the petitioner's argument that there is a pattern or practice of persecution against Christians in Indonesia. 508 F.3d 88 (2d Cir.2007). We concluded that the BIA's failure to address the petitioner's pattern or practice claim was error requiring remand. *Id.* at 93–94. Here, as in *Mufied,* we find that *Matter of A–M–* does not provide sufficient guidance for this Court to evaluate a pattern or practice claim. Thus, in light of *Mufied* and the Supreme Court's "ordinary remand rule," *see Gonzales v. Thomas,* 547 U.S. 183, 186,

126 S.Ct. 1613, 164 L.Ed.2d 358 (2006), we grant the petition for review to the extent that it challenges the agency's denial of asylum and withholding of removal, and remand to the agency so that it may consider Siswoyo's pattern or practice argument in the first instance.

For the foregoing reasons, the petition for review is DISMISSED, in part, and GRANTED, in part. The decision of the BIA is VACATED, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).